***E-FILED - 12/9/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN JOSEPH REYES,<br><br>        Plaintiff,<br><br>  vs.<br><br>ROBERT A. HOREL, et al.,<br><br>        Defendants. | No. C 08-4561 RMW (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against numerous officials of Pelican Bay State Prison ("PBSP"). Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will order service of the complaint upon defendants Horel, Chadwick, Berkler, Harrison, Fischer, and Terry based on Plaintiff's cognizable claims against them, and dismiss the remaining claims against the remaining defendants for failure to state a cognizable basis for relief. .

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1  seek monetary relief from a defendant who is immune from such relief. See id. §

2  1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

6  the alleged violation was committed by a person acting under the color of state law. See West v.

7  Atkins, 487 U.S. 42, 48 (1988).

8      Having reviewed the complaint, the court finds that plaintiff's allegations, when

9  liberally construed, state the following cognizable claims for relief: (1) that Defendants

10 Horel, Chadwick, Berkler, Harrison, and Fischer violated his Fourteenth Amendment

11 right to due process and his Eighth Amendment right to be free from inhumane conditions

12 of confinement by finding him to be an active gang member, which led to his retention in

13 the Secured Housing Unit; and (2) that Defendant Terry violated his First and Fourteenth

14 Amendment rights by withholding an incoming letter addressed to plaintiff without notice

15 to plaintiff.

16     Plaintiff's remaining claims against the remaining defendants are not cognizable.

17 Plaintiff claims based on the allegedly improper denial and alleged mishandling of his

18 administrative grievances do not state a cognizable basis for relief because there is no

19 constitutional right to a prison administrative appeal or grievance system. See Mann v. Adams,

20 855 F.2d 639, 640 (9th Cir. 1988). Further, Plaintiff does not allege any actions or omissions

21 by the remaining defendants that proximately caused the alleged violations of his

22 constitutional rights described above. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)

23 (to state a claim under § 1983, a plaintiff must set forth specific facts as to each individual

24 defendant's conduct that proximately caused a violation of his rights). Plaintiff's claims

25 against Warden Horel are cognizable to the extent he has alleged that Horel's failure to

26 properly hire, train, and supervise PBSP officials led to the constitutional violations

27 described above. His claims against Horel and other supervisory defendants are not

28 cognizable on a respondeat superior theory, however. See Monell v. Dep't of Social

1 Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in §
2 1983 context and requiring individual liability for constitutional violation).

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Plaintiff's claims against Defendants Horel, Chadwick, Berkler, Harrison, Fischer and Terry, as described above, are cognizable, when liberally construed. Plaintiff's remaining claims against the remaining defendants are DISMISSED for failure to state a cognizable basis for relief, and the remaining defendants are TERMINATED from this action.

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **(1) Warden Robert A. Horel; (2) Correctional Officer C. Chadwick (Institutional Gang Investigator); and (3) Lieutenant Correctional Officer P. Terry** at **Pelican Bay State Prison**, and upon **(4) Correctional Officer Keri Berkler; (5) Correctional Officer Everett Fischer; and (5) Correctional Officer J.A. Harrison** at the **Office for Correctional Safety, California Department of Corrections and Rehabilitation in Sacramento, California.** The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

3.  No later than **ninety (90) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the court that defendants are of the opinion that this case cannot be resolved by such a motion.

    a.  If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b.  Any motion for summary judgment shall be supported by adequate factual

1  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
2  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
3  **qualified immunity found, if material facts are in dispute.  If any defendant is of the**
4  **opinion that this case cannot be resolved by summary judgment, he shall so inform the**
5  **court prior to the date the summary judgment motion is due.**

6        4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
7  served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

8        a.      In the event defendant files an unenumerated motion to dismiss under
9  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

10        The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted your
11  administrative remedies.  The motion will, if granted, result in the dismissal of
your case.  When a party you are suing makes a motion to dismiss for failure to
12  exhaust, and that motion is properly supported by declarations (or other sworn
testimony) and/or documents, you may not simply rely on what your complaint
13  says.  Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's
14  declarations and documents and show that you have in fact exhausted your
claims.  If you do not submit your own evidence in opposition, the motion to
15  dismiss, if appropriate, may be granted and the case dismissed.

16        b.      In the event defendant files a motion for summary judgment, the
17  Ninth Circuit has held that the following notice should be given to plaintiffs:

18        The defendants have made a motion for summary  judgment by which
they seek to have your case dismissed.  A motion for summary judgment under
19  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

20        Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when there is
21  no genuine issue of material fact--that is,  if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary
22  judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
23  properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says.  Instead, you must set out specific facts in
24  declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'
25  declarations and documents and show that there is a genuine issue of material fact
for trial.  If you do not submit your own evidence in opposition, summary
26  judgment, if appropriate, may be entered against you.  If summary judgment is

27
28    [1]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

     6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

     7.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

     9.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  12/5/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Rmw\CR.08\Reyes561srv.wpd    5