*E-FILED - 7/14/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN J. REYES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN ROBERT HOREL, et. al.,<br><br>　　　　Respondent. | No. C 08-4561 RMW (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND ADDRESSING OTHER PENDING REQUESTS<br><br>(Docket Nos. 31, 39, 41, 46, 48, 49) |

　　Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials and employees of Pelican Bay State Prison, where he is currently held.  On May 22, 2009, the court granted defendants' request for a protective order giving them sixty additional days up to and including May 26, 2009 to respond to plaintiff's discovery requests.   On May 26, 2009, defendants moved to stay discovery again, pending the court's ruling on defendants' motion for summary judgment based on qualified immunity.  Plaintiff filed an opposition to the motion, and defendants filed a reply.  In addition, plaintiff moved to compel discovery and moved to dismiss defendants' motion to dismiss and motion for summary judgement.  Plaintiff also moved for an extension of time to file an opposition to defendants' motion to dismiss and motion for summary judgment.  Finally, plaintiff has requested court-appointed counsel. Defendants opposed plaintiff's request for counsel.  For reasons stated below, the court

Order Granting Defendants' Motion to Stay Discovery and Addressing Other Pending Requests
N:\S. O'Grady\ReyesOrder.wpd

1  GRANTS defendants' motion to stay discovery, DENIES plaintiff's motion to compel
2  discovery, DENIES plaintiff's motion to dismiss defendants' motion to dismiss and
3  motion for summary judgment, GRANTS in part and DENIES in part plaintiff's motion
4  for an extension of time to file his opposition to the motion to dismiss and the motion for
5  summary judgment, and DENIES plaintiff's request for counsel.

**DISCUSSION**

1.  <u>Defendants' Motion to Stay Discovery</u>

Defendants move for a stay of discovery under <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982), pending the court's ruling on their motion for summary judgment based on qualified immunity. Plaintiff claims the motion should be denied because he needs to conduct discovery to prove that defendants are not entitled to qualified immunity.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001) (quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." <u>Mitchell</u>, 472 U.S. at 526. In order to minimize the costs incurred by an immune defendant, a court must resolve qualified immunity questions at the earliest possible stage in litigation. <u>Saucier</u>, 533 U.S. at 200-01 (citing <u>Hunter v. Bryant</u>, 502 U.S. 224, 227 (1991)). Accordingly, where defendants have filed a motion for summary judgment based on qualified immunity, a court should stay discovery until that threshold question is settled. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998) ("[i]f the defendant does plead qualified immunity, the court should resolve that threshold question before permitting discovery").

On May 18, 2009, defendants Terry, Horel, Berkler, Harrison, and Fischer moved for summary judgment based on qualified immunity. The court has not yet ruled on their motion. Accordingly, these defendants are entitled to a stay of discovery against them.

Plaintiff argues that he needs discovery to oppose defendants' motion for summary judgment. Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for

summary judgment should be granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact.  Here, plaintiff is restricted in his ability to survive the motion for summary judgment based on qualified immunity because he cannot conduct discovery to show the existence of a genuine issue of material fact until the question of qualified immunity is resolved.  To remedy this tension between the prohibition on discovery and the standard of review applied by Rule 56, courts have loosened the rules of admissibility regarding affidavits pending the court's ruling on the question of qualified immunity.  See Dimartini v. Ferrin, 889 F.2d 922, 927-28 (9th Cir. 1989) (finding summary judgment inappropriate where discovery has been stayed pending resolution of the qualified immunity motion if all the facts alleged in the affidavits, taken as true, create a dispute of material fact).  Accordingly, plaintiff's argument is not well-taken, and the court GRANTS the motion to stay discovery as to defendants Terry, Korel, Berkler, Harrison, and Fischer.

Defendant Chadwick has not moved for summary judgment based on qualified immunity.  See Defs' MTD & MSJ at 1, 9-11 (docket no. 28).  However, the court finds that it could be inefficient to allow discovery with regard to defendant Chadwick to go forward while discovery is stayed as to the remaining defendants.  Accordingly, the court GRANTS the motion to stay discovery as to defendant Chadwick as well.

2. Plaintiff's Motion to Compel Discovery and Motion to Dismiss Defendants' Motion to Dismiss and Motion for Summary Judgment

Plaintiff also moves to compel discovery and to dismiss defendants' motion to dismiss and motion for summary judgment.  Plaintiff contends that he cannot effectively oppose defendants' motion for summary judgment without the discovery he requested.  Pl's Mot. for Order Compel. Disc. & MTD Def's MTD & MSJ. at 1. (docket no. 48).  Because the court grants defendants' motion to stay discovery, the court DENIES plaintiff's motion to compel discovery and motion to dismiss defendants' motion to dismiss and motion for summary judgment.

### 3. Plaintiff's Motion for Extension of Time

Plaintiff requestsسnty additional days to file his opposition to defendants' motion to dismiss and motion for summary judgment because he is waiting for defendants to respond to his discovery requests. He also asks that this extended time period not commence until the stay on discovery is no longer in effect. The court will GRANT plaintiff's motion for additional time. However, the court DENIES plaintiff's request to delay the commencement of this sixty day period until the stay on discovery is lifted.

### 4. Plaintiff's Motion for Request of Counsel

Plaintiff has filed a motion requesting that the court appoint counsel to represent him in his 42 U.S.C. § 1983 civil rights complaint. He argues that he needs legal assistance because he is overwhelmed with the task of preparing for trial but cannot afford to hire an attorney. Pl's Mot. to Appoint Counsel at 3. Plaintiff also claims that he needs legal counsel because the task of drafting documents for his case has caused his pain from a preexisting spinal injury to become exacerbated. Pl's Reply in Supp. of Mot. to Appoint Counsel at 4-5.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. Id.

The key issues in this case are straightforward. The fact that counsel would make plaintiff's task in prosecuting the case more manageable does not by itself qualify the issues as complex. See id. Additionally, plaintiff has not brought forward sufficient

evidence to show that the pain from his spinal injury severely hinders his capacity to adequately represent himself.  Plaintiff has so far proven that he is capable of managing the demands of his case.  In light of the quality and quantity of plaintiff's filings, the court finds no reason to believe that plaintiff's pain interferes substantially with his ability to articulate his claims without the assistance of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (court's denial of appointment of counsel to plaintiff suffering from post-surgical pain not an abuse of discretion where plaintiff was "well-organized, made clear points, and presented the evidence effectively").

Given that plaintiff is not entitled to an attorney and there are no exceptional circumstances involved that might justify the court in exercising its discretion in appointing counsel, the court DENIES plaintiff's request for counsel without prejudice.

## CONCLUSION

1. Defendants' motion to stay discovery (docket no. 31) is GRANTED.

2. Plaintiff's motion to compel discovery and motion to dismiss defendants' motion to dismiss and motion for summary judgment (docket no. 48) is DENIED.

3. Plaintiff's motions for an extension of time to file opposition to motion to dismiss and motion for summary judgment (docket nos. 39 and 49) are GRANTED in part and DENIED in part.  Plaintiff shall file his opposition to defendants' motion to dismiss and motion for summary judgment within **sixty (60) days** from the filing date of this order.  Defendants shall file a reply in support of their motion no later than **fifteen (15) days** after plaintiff's opposition is filed.

4. Plaintiff's request for counsel (docket nos. 41) is DENIED without prejudice.

This order terminates docket nos. 31, 39, 41, 46, 48, and 49.

IT IS SO ORDERED.

DATED:  7/14/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Defendants' Motion to Stay Discovery and Addressing Other Pending Requests
N:\S. O'Grady\ReyesOrder.wpd