***E-FILED - 9/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REUBEN JOSEPH REYES, | No. C 08-4561 RMW (PR) |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
|   vs. | |
| ROBERT A. HOREL, et al., | |
|     Defendants. | (Docket Nos. 66, 67, 70) |

Plaintiff, an inmate at Pelican Bay State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On July 14, 2009, the court granted defendants' motion to stay discovery and denied plaintiff's request for appointment of counsel. On August 17, 2009, plaintiff filed an "Objection" to that order, which the court construes as a motion for leave to file a motion for reconsideration. In the alternative, plaintiff requests an extension of time in which to file an opposition to defendants' motion for summary judgment.

A.     <u>Motion for Leave to file Motion for Reconsideration</u>[1]

Plaintiff asks the court to reconsider its July 14, 2009 order. Plaintiff lists several of his discovery requests in support of his request that the court reconsider appointing counsel. Plaintiff also asserts that he is suffering from a back injury which he feels is worsening with the extended hours he is spending on litigating this action. Plaintiff also claims that because he is in the Security Housing Unit, he is not allowed much time out of his cell and, therefore, obtaining affidavits from other inmates will be difficult.

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. <u>See</u> Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

The court finds that the requirements for leave to file a motion for reconsideration are not satisfied in the instant case. The court's previous order granted a stay of discovery, concluding that Supreme Court law directs that the question of qualified immunity should be resolved prior to permitting discovery. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998). In addition, the court's previous order denied plaintiff's request for appointment of counsel, noting that plaintiff had not alleged exceptional circumstances warranting such appointment. In his motion to reconsider, plaintiff has not established that there is a material difference in fact or law that

---

[1] In the Northern District of California, no motion for reconsideration may be brought without leave of court. <u>See</u> Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. <u>See</u> Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. <u>See</u> Civil L.R. 7-9(c).

Order Denying Plaintiff's Motion for Reconsideration; Granting Plaintiff's Motion for Extension of Time
P:\PRO-SE\SJ.Rmw\CR.08\Reyes561denreceot.wpd    2

1  exists now as opposed to before, nor has he alleged any new material facts or changes in the law,
2  nor demonstrated a failure of this court to consider material facts.  See Civil L. R. 7-9(b).
3      Accordingly, the court DENIES plaintiff's motion for leave to file a motion for
4  reconsideration.
5  B.   Motion for Extension of Time
6      In light of the allegations in plaintiff's motion for leave to file a motion for
7  reconsideration, however, the court finds good cause to GRANT plaintiff's request for an
8  extension of time in which to file an opposition to defendants' motion to dismiss and motion for
9  summary judgment.  Plaintiff's motion for extension of time (docket nos. 66 and 67) request an
10 extension up to and including October 16, 2009.
11     Accordingly, plaintiff shall file his opposition to defendants' motion to dismiss and
12 motion for summary judgment by **October 16, 2009**.  Defendants shall file a reply brief no later
13 than **fifteen (15) days** thereafter.
14     This order terminates docket numbers 66, 67, and 70.
15     IT IS SO ORDERED.
16 DATED:  9/4/09
                        RONALD M. WHYTE
17                         United States District Judge