KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5726
  Fax:  (415) 703-5843
  E-mail:  Michael.Quinn@doj.ca.gov
*Attorneys for Defendants Fischer, Harrison, Horel,
Terry, Chadwick, and Berkler*

*E-FILED - 8/9/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **REUBEN J. REYES,**<br><br>                               Plaintiff,<br><br>v.<br><br>**WARDEN ROBERT HOREL, et al.,**<br><br>                              Defendants. | C 08-4561  RMW (PR)<br><br>**STIPULATION** REGARDING CONFIDENTIAL INFORMATION AND **STIPULATED REQUEST** FOR **ISSUANCE** OF A **PROTECTIVE** ORDER AND ORDER |

Under Federal Rule of Civil Procedure 26(c), Plaintiff Reuben J. Reyes (Plaintiff) and Defendants Fischer, Harrison, Horel, Terry, Chadwick, and Berkler (Defendants) stipulate and agree that this STIPULATION REGARDING CONFIDENTIAL INFORMATION AND STIPULATED REQUEST FOR ISSUANCE OF A PROTECTIVE ORDER (Stipulation) shall govern the discovery and production of confidential information and materials. The parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## DISCOVERY OF **PROTECTED** INFORMATION

A. **Scope**

1. The Stipulation shall apply to the production and exchange of all documents, testimony, interrogatories, admissions, and other information including, without limitation, expert reports, produced or exchanged by the parties and all nonparties in the course of this action, that the producing party designating the materials reasonably and in good faith believes to contain confidential information (Protected Information), regardless of whether such production or exchange is made informally or in response to folnnal discovery requests or mechanisms.

B. **Definitions**

2. Protected Information may be designated in the manner provided in Paragraph 4.

3. Protected Information is information that, in the good faith belief of the designating party, contains any confidential information that has not previously been made publicly available by the designating party, or if disclosed to another party or non-party, would create a substantial risk of serious injury.

C. **Designation of Protected Information**

4. A designating party shall designate information that it considers to be Protected Information in the following manner:

    a. For documents, on each page of each document to which the designation applies, at the time of production;

      b. For tangible items, on the object or its container, or if impracticable, by other reasonable means, at the time of production;

      c. For declarations, affidavits and written discovery responses, on both the face of such document and on each page of such document to which the designation applies,. at the time of service; and

      d. For deposition testimony, the court reporter shall mark the face of the transcript and each page to which the designation applies. Such request may be made on the record during the course of the deposition, or within ten business days after receipt of a copy of the transcript of the deposition. Whether or not any designation is made at the time of a deposition, all deposition transcripts shall be treated as Protected Information until the ten business day period expires, after which time, those portions of the transcript designated as Protected Information shall be protected by the terms and conditions.of this Stipulation. If a designating party specifies designations during the ten-business-day period, the first page and each page of each copy of such deposition shall be marked with the applicable designation. Notwithstanding the foregoing, if any employee, agent, consultant, representative or any other person affiliated with a party to this agreement who is not qualified to receive Protected Information under Paragraphs 8 or 11, respectively, attends a deposition at which Protected Information is disclosed, a party shall have the right to exclude such person(s) from the deposition during the period such Protected Information is disclosed or discussed.

   5. If any Protected Information is included with, or the content is in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed with the court, such information shall be sealed in an envelope on which shall appear the information required by Local Rule 79-5.

   6. The failure of any party to comply with the requirements of this Stipulation for the submission to the court of documents containing Protected Information shall not affect the status of that information. Upon learning of a violation of this order by any other party, any party may make an application or motion for an order provisionally or permanently sealing any documents believed to contain Protected Information.

7. If a party inadvertently discloses any document or thing, or if a non-party discloses any document or thing, containing Protected Information without designating it as such under Paragraph 4, the party contending that the document or thing contains Protected Information shall inform the receiving party in writing. The receiving party shall thereafter treat the information as Protected Information under this Stipulation. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

**D.   Confidentiality Undertaking**

8. Before disclosing or providing copies of any Protected Information to any expert or consultant, the party making such disclosure shall first obtain the agreement of the expert or consultant to whom such disclosure will be made by obtaining the "Agreement by _____ Regarding Protective Order" ("Agreement"), attached as Exhibit "A." Prior to making such disclosure, the person or party making such disclosure shall obtain from the expert or consultant a copy of the Agreement signed by the expert or consultant. The party retaining said expert or consultant shall retain the signed Agreement and provide it to the other party upon reasonable request.

9. Counsel for the parties to whom Protected Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Stipulation.

**E.   Use of Protected Information**

10. Protected Information shall be maintained in confidence according to the terms of this Stipulation, may be disclosed only as provided in Paragraphs 8 or 11, and shall be used solely in the preparation, prosecution or trial of this action, including any appeal and retrial, and shall not be used or disclosed for any other purpose, including in any administrative or other judicial proceeding. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulation, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the Agreement attached as Exhibit A.

11. Unless otherwise ordered by the court or permitted in writing by the designating party, Protected Information may be disclosed to the following persons only:

a. the Court, its officers, and clerical staff;

b. counsel of record for the respective parties and their associates, clerks, paralegals, legal assistants, secretaries, and other legal personnel;

c. non-party support services including outside copying services, document imaging and database services, and graphics or design services in connection with their rendering such services;

d. court reporters who report a deposition or other testimony, statement or argument in connection with this action;

e. during their depositions, witnesses in the action to whom disclosure is reasonably necessary; or

f. any person who authored or received such Protected Information, or is shown by appropriate foundation to have previously reviewed such Protected Information.

12. In no event, and under no circumstances, will Protected Information be provided to, shown, discussed or otherwise communicated to Plaintiff, any CDCR inmate, or any parolee.

13. In all respects, the parties shall abide by the provisions of Local Rule 79-5 in the use of Protected Information.

14.. Protected Information shall not be copied or reproduced for use in this action except to the extent that such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Stipulation. All such copies or reproductions shall be stamped in accordance with Paragraph 4.

15. This Stipulation shall apply to all Protected Information designated as such in accordance with it, whether produced before or after the date of entry of the order.

///

**F.     Other**

16. Any nonparty producing documents or things in the course of this action that it deems contain Protected Information may designate the documents or things as such in accordance with Paragraph 4 and otherwise avail itself of the provisions of this Stipulation, provided that the nonparty first agrees in writing to be bound by this Stipulation.

17. After the entry of a final non-appealable judgment or order of dismissal as to all parties and claims, each party shall, at the request of the designating party, either return to the designating party or destroy all documents received from a designating party and designated as Protected Information, and shall destroy all other documents containing or reflecting such Protected Information. The provisions of this Stipulation restricting the use of Protected Information shall continue to be binding after the conclusion of this litigation. Such Protected Information shall be returned or destroyed within fifteen days of the request.

18. Nothing in this Stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Stipulation with respect to material designated as Protected Information.

19. Each of the counsel and parties named above, by executing a copy of this Stipulation, will abide by and be bound by its provisions, and will use due care to see that its provisions are known and adhered to by those under their supervision or control.

| | | |
|---|---|---|
| 1 | Dated: June 2, 2011 | KAMALA D. HARRIS<br>Attorney General of California |
| 2 | | JAY C. RUSSELL<br>Supervising Deputy Attorney General |
| 3 | | |
| 4 | | |
| 5 | | /s/ Michael J. Quinn |
| 6 | | MICHAEL J. QUINN<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants Fischer, Harrison, Horel, Terry, Chadwick, and Berkler* |
| 8 | | |
| 9 | | /s/ Willia J. Newsom |
| 10 | | WILLIA J. NEWSOM<br>*Attorney for Plaintiff Reuben J. Reyes* |

SF2009201770
20466024.DOC

1. BASED ON THE ABOVE, IT IS SO ORDERED.
2. DATED: August 9, 2011

*Ronald M. Whyte*
Honorable Ronald W. Whyte
U.S. District Court Judge

3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.