**E-FILED on** 5/15/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REUBEN JOSEPH REYES,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. HOREL, et al.,<br><br>Defendants. | No. C-08-04561 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY CASE PENDING RESOLUTION OF PLAINTIFF'S HABEAS ACTION CHALLENGING HIS 2009 GANG VALIDATION<br><br>[Re Docket No. 139] |

Defendants move to stay this action pending the resolution of plaintiff's habeas challenge to his revalidation as a prison gang member in 2009. This case concerns plaintiff's gang status review two years earlier in 2007, as well as the interception in 2003 of a letter used as evidence in the 2007 review. Plaintiff is separately challenging the 2009 validation in state court. The court has previously found that plaintiff's due process claim for equitable relief is not moot in light of the 2009 revalidation, and that the superior court's denial of plaintiff's habeas petition did not present a basis for reconsideration of the original finding of non-mootness.

There is little factual overlap between the 2007 review and the 2009 validation, even though both bear upon plaintiff's ongoing confinement in the Secured Housing Unit ("SHU"). Entirely

1  different evidence was used in each proceeding to support the determination that plaintiff was an
2  active gang member. Notably, the 2003 letter was six years old by the time of the 2009 review and
3  could no longer support a finding of active status. *See* 15 Cal. Code Regs. § 3378(c)(1) ("Current
4  activity is defined as any documented gang activity within the past six (6) years . . . ."). Moreover,
5  the subsequent revalidation does not bear on whether plaintiff's due process rights were violated
6  during the 2007 gang status review. Thus, *Morris v. Lewis*, 2012 U.S. Dist. LEXIS 60172 (N.D.
7  Cal. 2012), on which defendants rely, is distinguishable because that case concerned a § 1983 claim
8  brought over the same gang validation that the plaintiff had challenged in state habeas proceedings.
9  Here, neither case is an attempt to relitigate issues or claims from the other.

10       Defendants argue that the outcome of plaintiff's habeas challenge could limit the relief
11 plaintiff can obtain in this action. Specifically, defendants argue that a final judgment denying the
12 habeas petition would extinguish plaintiff's federal due process claim for equitable relief and would
13 limit his monetary damages to the time period between the 2007 review and the 2009 revalidation.
14 The court has yet to decide what scope of monetary damages and equitable relief plaintiff could be
15 entitled to as a legal matter. For example, while defendants originally argued that the 2009
16 revalidation mooted plaintiff's claim for equitable relief because that determination provided a
17 separate and independent basis for keeping plaintiff in the SHU, defendants now argue in their reply
18 papers that plaintiff would not be entitled to release from the SHU in any event. Such issues have
19 not been fully addressed by both parties. Thus, it is not clear at this time whether a successful
20 challenge to the 2009 revalidation would necessarily expand the scope of relief plaintiff could seek
21 from this court. In addition, it seems likely that any dependence would be relatively straightforward
22 and could be addressed when it arises. Furthermore, it does not appear to the court that any issues
23 decided here could directly conflict with the state court's ultimate ruling, given the distinct factual
24 circumstances of the two cases.

25       On balance, the court finds that an indefinite delay in the proceedings here is not justified by
26 defendants' arguments. The issues remaining for resolution in this case are relatively few. *See* Dkt.
27 No. 143 (Joint Pretrial Statement) at 4-5. Discovery is complete, and the case is set to be tried in

two weeks.  In addition, as plaintiff points out, staying this case until a final decision in the habeas case not only subjects him to a potentially lengthy delay, but also presents the prospect that prison officials will conduct yet another gang status review in the meantime.  Using defendants' logic, it seems that the entire sequence of gang status proceedings would have to be litigated in reverse chronological order, leaving the oldest claims to languish and grow stale.  Such an approach would be both inefficient and unfair.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  Thus, defendants' motion to stay is denied.

DATED:       May 15, 2012

_____
RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO STAY CASE PENDING RESOLUTION OF PLAINTIFF'S HABEAS ACTION CHALLENGING HIS 2009 GANG VALIDATION —No. C-08-04561 RMW
LJP                                                     3