E-FILED on    7/20/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REUBEN JOSEPH REYES,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. HOREL, et al.,<br><br>Defendants. | No. C-08-04561 RMW<br><br>ORDER RE REMEDIES, CONTINUING TRIAL DATE, AND REFERRING CASE TO SETTLEMENT CONFERENCE |

Defendants move to change the trial date due to the unavailability of certain defendants who intend to provide testimony at trial. Plaintiff opposes the motion and, in the alternative, requests that trial be rescheduled no earlier than mid-November. The court finds there is good cause to continue the trial to November 26, 2012. Below, the court provides guidance regarding the scope of relief available to plaintiff on his due process claim, an issue raised at the pretrial conference. In light of the substantial narrowing of issues this case has undergone in light of the court's March 2012 summary judgment order and the discussion below, the court believes it would be beneficial for the parties to further explore the possibility of settlement. Thus, the court refers this case to a settlement conference before Magistrate Judge Vadas.

**REMEDIES**

The court has not ruled on what remedies are available on plaintiff's due process claim. As the case has neared trial, defendants have taken increasingly strict positions on the issue, finally asserting at the pretrial conference that plaintiff is only entitled to the prospective relief of a new hearing—which he has already received in the form of the 2009 gang validation. In contrast, plaintiff asserts that he is entitled to a wide range of relief, including damages for each day of confinement in the SHU and an injunction ordering his release from the SHU pending the outcome of his state court challenge to the 2009 validation.

*Carey v. Piphus*, 435 U.S. 247 (1978), is the leading case regarding damages for a procedural due process violation. *Carey* held that, where the deprivation of a protected interest is substantively justified but procedures are deficient, the victim is not entitled to compensation for injury caused by the substantive deprivation. *Id.* at 263. Thus, where it is demonstrated that the substantive outcome would have been the same even if proper procedures were followed, the plaintiff is entitled to compensation only for the injury (such as mental and emotional distress) caused by the denial of procedural due process itself. *See id.* at 260, 264. *Carey* went on to hold that, because of the importance of the due process right, violations are actionable for nominal damages without proof of actual injury. *Id.* at 266-67.

Here, the court has already found that defendants violated plaintiff's due process rights in failing to provide him with sufficient notice and opportunity to be heard. *See* Dkt. No. 132 at 8-11. Thus, plaintiff is entitled to at least nominal damages. He is further entitled to compensation for any injury he can prove was actually caused by the denial of procedural due process itself.

As to damages for the substantive deprivation of liberty, i.e. confinement in the SHU, plaintiff's ability to recover depends on whether the deprivation was justified. While the Ninth Circuit does not appear to have ruled on the issue, a majority of circuits to consider the question have held that the burden rests on the defendant to prove that the substantive outcome would have been the same even if the plaintiff's due process rights had been respected. *See Piphus v. Carey*, 545 F.2d 30, 32 (7th Cir. 1976), *rev'd on other grounds*, 435 U.S. 247 (1978); *Alexander v. Polk*, 750 F.2d 250, 263-64 (3d Cir. 1984); *Franklin v. Aycock*, 795 F.2d 1253, 1263-64 (6th Cir. 1986); *see*

1   *also Wheeler v. Mental Health & Mental Retardation Authority*, 752 F.2d 1063, 1071-72 (5th Cir. 1985); *contra Graham v. Baughman*, 772 F.2d 441, 446 (8th Cir. 1985); *Patterson v. Coughlin*, 905 F.2d 564, 568 (2d Cir. 1990). In this regard, courts have noted the Supreme Court's implicit approval of the Seventh Circuit's approach in *Carey*, which placed the burden of proof on defendants. *E.g.*, *Alexander*, 750 F.2d at 263-64; *Franklin*, 795 F.2d at 1264. Courts have also drawn analogies to the Supreme Court's burden-shifting approach in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *Alexander*, 750 F.2d at 264; *Soto v. Lord*, 693 F. Supp. 8, 21 (S.D.N.Y. 1988); *see also Carey*, 435 U.S. at 260 (explicitly comparing the Seventh Circuit's approach to *Mt. Healthy*).

Here, while the court has held that there was "some evidence" to support defendants' decision to keep plaintiff in the SHU, Dkt. No. 132 at 11-12, the court does not believe that finding is dispositive. Simply because defendants *could have* still concluded plaintiff should remain in the SHU does not mean they *would have*. In an analogous situation, the court in *Patterson* held that the defendants could not simply maintain that, no matter what defense would have been presented, the hearing officer would not believe it and would still have subjected the plaintiff to discipline. *Patterson*, 905 F.2d at 569-70. The court reasoned that:

> An inmate subject to a disciplinary hearing is entitled to, *inter alia*, an impartial hearing officer. Our conception of an impartial decisionmaker is one who, *inter alia*, does not prejudge the evidence and who cannot say, with the utter certainty advanced by these defendants, how he would assess evidence he has not yet seen.

*Id.* Similarly here, the pertinent question is whether plaintiff's gang status review would have ended in the same result even if he had been afforded due process *and* an impartial decisionmaker who considered the defense he offered. On this issue, it may be significant that plaintiff had initially been told that his gang status was being changed to inactive and he would be released from the SHU.

Thus, if defendants cannot meet their burden to prove that plaintiff would have been kept in the SHU even if he received due process, plaintiff will also be entitled to damages for the time he was in the SHU as a result of the deficient proceedings. *See, e.g.*, *Soto*, 693 F. Supp. at 21-22.

Finally, it does not appear disputed that plaintiff can recover punitive damages assuming he proves the additional elements required to recover such damages.

As to injunctive relief, the Ninth Circuit has stated that "[a] violation of procedural rights requires only a procedural correction, not the reinstatement of a substantive right to which the claimant may not be entitled on the merits." *Raditch v. U.S.*, 929 F.2d 478, 481 (9th Cir. 1991). Numerous district courts, following *Raditch*, have held that the remedy for a procedurally invalid hearing is a new hearing, not an order with respect to the substantive outcome. *E.g.*, *Pryer v. Evans*, 2008 WL 131605 at *1 (N.D. Cal. 2008) ("The remedy for a procedurally defective hearing is another hearing, not dismissal of the underlying charges."). The court was unable to find any cases suggesting that it may order an inmate's release from segregated housing, much less on the basis of a procedural due process violation.

Plaintiff relies on *Wilkinson v. Dotson*, 544 U.S. 74 (2005), to argue that the court may order his future release from the SHU. However, the plaintiffs in *Wilkinson* sought only new parole hearings, not release. *Id.* at 77. The Court in *Wilkinson* reaffirmed that a petition for habeas corpus is the exclusive means for a prisoner to challenge the fact or duration of his confinement, and § 1983 cannot be used to seek present or future release. *See id.* at 78-82. However, a prisoner may proceed under § 1983 where success "*would not necessarily* spell immediate or speeder release." *Id.* at 81. That principle applied to allow the plaintiffs to proceed:

> Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). Neither respondent seeks an injunction ordering his immediate or speedier release into the community. . . . Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term.

*Id.* at 82 (citations omitted). In short, *Wilkinson*, like *Raditch*, permits procedural corrections in response to alleged procedural violations but leaves it for the corrected procedures to determine the substantive outcomes. Thus, without deciding whether release from the SHU could only be sought in a habeas corpus proceeding, the court finds there is no legal support for injunctive relief other than a new hearing and potentially an order requiring defendants to comply with constitutional due process requirements in the future.

Thus, plaintiff may not seek an injunction ordering his release from the SHU, regardless of whether it depends on the outcome of his challenge to the 2009 validation. Because the 2009 validation concerned entirely different evidence and was decided under different standards, the court does not believe the 2009 proceedings remedied the procedural violation at issue in this case. Thus, plaintiff can still seek an injunction granting him a new hearing; however, the court questions whether the decision in such a hearing could offer any substantive relief at this point.

**ORDER**

The trial date of July 23, 2012 is hereby continued to November 26, 2012. The parties are to participate in a settlement conference before Magistrate Judge Nandor J. Vadas no later than November 9, 2012. It is the parties' responsibility to immediately contact Judge Vadas' chambers and schedule the settlement conference.

DATED: July 19, 2012

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER RE REMEDIES, CONTINUING TRIAL DATE, AND REFERRING CASE TO SETTLEMENT CONFERENCE —No. C-08-04561 RMW
LJP
5